**UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| **YOLANDA SHERICE HOLDEN,** | ) | Case No. 14-43201-DRD7 |
| | ) | |
| Debtor. | ) | |
| ------------------------------------------------- | ) | |
| **DANIEL J. CASAMATTA,** | ) | |
| **ACTING UNITED STATES TRUSTEE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 15-4040 |
| | ) | |
| **YOLANDA SHERICE HOLDEN,** | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES TRUSTEE'S MOTION IN LIMINIE TO EXCLUDE
PROPOSED EXHIBITS AND EVIDENCE AND TO RESTRICT THE SCOPE OF
EVIDENCE**

NOW COMES, Daniel J. Casamatta, the duly appointed and acting United States Trustee for Region 13 (the "UST") and Plaintiff in this action, and moves to exclude the Defendant's proposed exhibits or to limit the scope of their admission pursuant to Fed. R. Bank. P. 9017; Fed. R. Evid. 104(a); and Fed. R. Evid. 401 and 403 for the following reasons:

*Introduction and Relevant Facts*

This adversary proceeding was commenced by the filing of a complaint on April 21, 2015. The Defendant filed her answer on June 12, 2015. Plaintiff alleges that the Defendant's discharge should be denied under Section 727(a) of Title 11 of the United States Code (the "Bankruptcy Code"). Count I alleges that Defendant made numerous false oaths in the Bankruptcy Case sufficient to deny her discharge under Section 727(a)(4), including her failure to disclose a significant pre-petition preference to her mother, the retention of a $25,000 option

to purchase residential real estate and certain expenses. Count II alleges that the Defendant concealed the option contract at the time of filing in order to hinder, delay or defraud the Chapter 7 Trustee sufficient to deny the issuance of a discharge under Section 727(a)(2)(A). Count III alleges that the Defendant actively concealed the preference payments to her mother post-petition with the intent to hinder, delay or defraud the Chapter 7 Trustee, sufficient to deny her discharge under Section 727(a)(2)(B). Finally, Count IV alleges that the Defendant transferred or destroyed her interest in the option contract post-petition by purporting to cancel the pre-petition option contract and by executing a new option contact post-petition that retained her $25,000 deposit, with the intent to hinder, delay or defraud the Chapter 7 Trustee, sufficient to deny the issuance of a discharge under Section 727(a)(2)(B).

The Court held an initial pre-trial conference on June 16, 2015, at which time trial was scheduled for September 25, 2015 with a September 8, 2015 pre-trial conference. On September 3, 2015 the Defendant moved to continue the trial due to a scheduling conflict. At the September 8, 2015 pre-trial conference, the Court granted the Defendant's motion to continue, on the condition that the parties file witness lists and exchange and file exhibits seven days in advance of trial. The Defendant's counsel explicitly stipulated to this condition on the record. Trial was reset for October 26, 2015, and witness lists and exhibits were due on October 19, 2015. The Plaintiff filed his witness list and exhibits timely. The Defendant did not file her witness list and exhibits until October 21, 2015.[1]

---

[1] Typically, failure to timely witness lists and exhibits itself is grounds for exclusion at trial. While the Plaintiff is not seeking exclusion on this basis, the Plaintiff notes he was prejudiced by the Defendant's late filing. Counsel for the Plaintiff was travelling when the witness list and exhibits were untimely filed, and was unable to review them until late on Thursday October 22, 2015, when he returned from this Court's Central Division docket. Accordingly, the Plaintiff was unable to file this motion until Friday, October 23, 2015, on the eve of trial.

*Argument*

The Federal Rules of Evidence apply to this adversary proceeding.  *See* Fed. R. Bankr. P. 9017; *In re Barnes,* 266 B.R. 397, 403 (B.A.P. 8th Cir. 2001).  Fed. R. Evid. 401 provides that evidence is relevant only if "it has any tendency to make a fact more or less probative than it would be without the evidence and the fact is of consequence in the action."  Fed. R. Evid. 403 provides that the Court may exclude evidence, even if it is relevant, when such evidence might be misleading, prejudicial a waste of time or confusing.  In the discharge objection context, the correction of misstatements or non-disclosures only after they have been uncovered is not a defense to the action.  *See In re Smith*, 161 B.R. 989, 992 (Bankr. E.D. 1993).  In other words, "a false oath in a bankruptcy petition is not cured by subsequent testimony during the administration of the bankruptcy." *In re Kaiser*, 94 B.R. 779, 781 (Bankr. S.D. Fla 1988).  Finally, whether the Debtor ultimately agreed to tender funds to the estate to compromise the claims of the estate which were uncovered is not relevant to whether the Debtor intended to conceal the transactions in the first place.  *Farmers Co-op Ass'n of Talmage, Kan. V. Strunk,* 671 F.2d 391, 395-96 (10th Cir. 1982).

The Defendant's proposed exhibits in this case fall into two categories.  First, the Defendant seeks to introduce five exhibits (A, B, C, H, I), relating to the compromise of the claims in the case by the Chapter 7 Trustee (the "Compromise Documents").  Second, the Defendant proposes four exhibits related to the Chapter 7 case of Tracy Robinson and the Chapter 11 case of Tracy L. Robinson & Associates, L.C (the "Robinson Documents").  Each of the classes of exhibits is wholly irrelevant to determining whether the Defendant made false oaths in the case or concealed or transferred assets with the intent to defraud the trustee.

The Plaintiff can determine no relevant purpose in admitting the Robinson Documents.

The Defendant in this case has no known relationship to Mr. Robinson.  To the extent that the Defendant is trying to show similarity of her conduct to that of Mr. Robinson, the Plaintiff cannot fathom how that would be relevant to whether she has made false oaths or fraudulently concealed or transferred assets.[2]  The United States Trustee enjoys prosecutorial discretion as an official of the Department of Justice, and the exercise of that discretion in another bankruptcy case is not relevant to whether the Defendant is entitled to a discharge in this case.  Even if, somehow, these documents are barely relevant, the introduction and exploration of the United States Trustee's exercise of prosecutorial discretion is a waste of time and the evidence should be excluded under Rule 403.

With respect to the Compromise Documents, the Plaintiff believes they are similarly irrelevant.  Concerning the false oath allegations, the question for this Court to consider is whether the Defendant intended her statements to be false (or that they were rendered with the reckless disregard for the truth) at the time she made the statements.  Similarly, the question before the Court concerning the Section 727(a)(2) counts is whether the Defendant intended to defraud the Trustee at the time she engaged in the relevant conduct.  Whether the Defendant later admitted her fraudulent conduct and agreed to repay the Trustee is simply not relevant in determining whether she engaged in the fraudulent conduct in the first place.

Accordingly, evidence that the Defendant agreed to repay the estate after her fraudulent conduct was later independently uncovered is legally irrelevant to the issues pending before the Court.  However, if the Court determines that there is some relevant purpose for admitting the Compromise Documents, the Court should significantly limit the purpose for their admission.

---

[2] Further, the Plaintiff is concerned that counsel for the Defendant has a significant conflict of interest related to the Robinson matter. Counsel for the Defendant was a party at interest in the Chapter 11 proceedings in that counsel expressed an interest in purchasing the

The Defendant should be precluded from arguing that the Compromise Documents negate the Defendant's intent at the time of the relevant conduct in this case.

WHEREFORE, the United States Trustee prays for an order EXCLUDING the Defendant's exhibits in this matter and for whatever other relief the court deems just and proper.

                              Respectfully submitted,

                              DANIEL J. CASAMATTA
                              ACTING UNITED STATES TRUSTEE

BY:    **/s/ Adam E. Miller**
           Adam E. Miller, Mo. Bar #65429
           United States Department of Justice
           Office of the United States Trustee
           Charles Evans Whittaker Courthouse
           400 East 9th Street, Room 3440
           Kansas City, MO 64106
           Tel:    (816) 512-1940
           Fax:   (816) 512-1967
           Email: adam.e.miller@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served this 23rd day of October 2015, by electronic notice to:

Neil Sader, Esq.
COUNSEL TO THE DEFENDANT

                              /s/ Adam E. Miller
                              ADAM E. MILLER

---

assets of the estate.